1   COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

FILED
MAY 1 0 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

2   Name  Morris                    Condelee              (Initial)
       (Last)                      (First)

3

4   Prisoner Number  V-96203

5   Institutional Address  31625  Hwy 101  Soledad  Cn  93960

6

7                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

8       Condelee Morris                        )    5:12-CV-06152-LHK
     (Enter the full name of plaintiff in this action.)  )

9                                              )
                                               )    Case No. _____
                                               )    (To be provided by the Clerk of Court)
10             vs.                             )
     (Sgt) D. Sandoval                         )
                                               )    COMPLAINT UNDER THE
11    C.O. co Blair                            )    CIVIL RIGHTS ACT,
                                               )    Title 42 U.S.C § 1983
12    C.O.  J Huff                             )
                                               )
13    C.O      Espinosa                        )
                                               )
14   (Sgt)   Myers                             )
     (Enter the full name of the defendant(s) in this action)  )

15

16   [All questions on this complaint form must be answered in order for your action to proceed..]

17   1.     Exhaustion of Administrative Remedies.

18          [Note: You must exhaust your administrative remedies before your claim can go

19          forward. The court will dismiss any unexhausted claims.]

20          A.     Place of present confinement  Salinas Valley State Prison

21          B.     Is there a grievance procedure in this institution?

22                        YES (✓)    NO ( )

23          C.     Did you present the facts in your complaint for review through the grievance

24                 procedure?

25                        YES (✓)    NO (✓)

26          D.     If your answer is YES, list the appeal number and the date and result of the

27                 appeal at each level of review. If you did not pursue a certain level of appeal,

28                 explain why.

     COMPLAINT                          - 1 -

<u>**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**</u>

Name __Murris__ __Condalee__ _____

    (Last)              (First)          (Initial)

Prisoner Number __V-96203__ _____

Institutional Address __31625 Hwy 101 Soledad CA 93960__

===========================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

__Condalee Murris__ _____
(Enter the full name of plaintiff in this action.)

              vs.

__: Lyn Numley D__ _____

__Jane Doe__ _____

__John Doe__ _____

__Jane Doe__ _____
(Enter the full name of the defendant(s) in this action)

Case No. _____
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
Title 42 U.S.C § 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies.

     **[Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

    A.    Place of present confinement __Salinas Valley State Prison__

    B.    Is there a grievance procedure in this institution?

           YES (✓)    NO ( )

    C.    Did you present the facts in your complaint for review through the grievance procedure?

           YES (✓)    NO (✓)

    D.    If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT            2

1 <u>COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983</u>

2 Name  Morris                    Condelee

   (Last)                    (First)                    (Initial)

4 Prisoner Number  V-96203

5 Institutional Address 31625 Hwy 101 Soledad CA 93160

7                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

8 Condelee Morris                    )
9 (Enter the full name of plaintiff in this action.)    )

10                    vs.                    )        Case No. _____
                                           )        (To be provided by the Clerk of Court)
11 (Lt) M Rose                             )
                                           )        COMPLAINT UNDER THE
12 ~~Correctional Officer (CO)~~           )        CIVIL RIGHTS ACT,
                                           )        Title 42 U.S.C § 1983
13 ~~(Doe) Does~~                          )
                                           )
14 ~~Attorney General~~                    )
15 (Enter the full name of the defendant(s) in this action)  )

16 *[All questions on this complaint form must be answered in order for your action to proceed..]*

17 I.    Exhaustion of Administrative Remedies.

18      [**Note:** You must exhaust your administrative remedies before your claim can go

19      forward. The court will dismiss any unexhausted claims.]

20      A.    Place of present confinement Salinas Valley State Prison

21      B.    Is there a grievance procedure in this institution?

22                YES (✓) -  NO ( )

23      C.    Did you present the facts in your complaint for review through the grievance

24            procedure?

25                YES (✓)    NO ( ✓ )

26      D.    If your answer is YES, list the appeal number and the date and result of the

27            appeal at each level of review. If you did not pursue a certain level of appeal,

28            explain why.

                                    3

COMPLAINT              ~~Morris~~

1. Informal appeal _____

_____

_____

2. First formal level_____

_____

_____

3. Second formal level_____

_____

_____

4. Third formal level _____

_____

_____

E.    Is the last level to which you appealed the highest level of appeal available to you?

YES ( )      NO (✓)

F.    If you did not present your claim for review through the grievance procedure, explain why. The prison official prevented Plaintiff from utilizing the appeal process by not responding to properly filed grievance and failure to respond.

II.    Parties.

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

Plaintiff/Candidate Morris at Calipatria State Prison at 7018 Blair road Calipatria CA 92233

_____

B.    Write the full name of each defendant, his or her official position, and his or her place of employment.

(See attached Documents of section II of B (pages 1,2,3,4,5

4

COMPLAINT

1  ~~All the Defendant's above mentioned were acting~~

2  ~~under color of state law, in the course and scope~~

3  ~~of his or her employment and is sued herein in his or her~~

4  ~~official and individual capacities.~~
   ~~(your attorney disclaimed disclaimourages Defendant's Pay)~~

III.  Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each

defendant is involved and to include dates, when possible. Do not give any legal arguments or

cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

separate numbered paragraph.

10  Plaintiff Condele Morris is a state prisoner proceeding pro

11  se and in forma pauperis on his complaint filed pursuant

12  to 42 USC §1983 (Requests for a Three Judge court pursuant

13  to USC §2284) In this (SAC), Plaintiff alleges that Defendant's

14  Blair used excessive force and Defendant's (Sgt) D. Sandoval (Sgt M.

15  C.O. Huff, C.O. Espinosa participated in the wrong

16  doing in violation of Plaintiff's eighth Amendment

17  rights. Plaintiff alleges Defendant's (LVN) Number D,

18  Jane Doe, Jane Doe, John Doe, violated Plaintiff's

19  eighth Amendment right to adequate Medical care. Plaintiff alleges

20  Defendant's M. Rose ~~and his conspirators~~, violated Plaintiff's

21  Fourteenth Amendment right to due process (See all the

22  attached Document to this complaint.)

23  IV.  Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly

what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26  Plaintiff requests that his court grants the following relief:

27  1. Expunge the disciplinary conviction described in this complaint

28  from plaintiff institutional records under case no FC12-01-0067

or SUSP-#C8-12-01-0029 and/restore all good time credits

LOST

COMPLAINT

2. Damages in the sum of $ 600. Million

3. Punitive damages in the sum of $ 600 million

4. Compensatory Damages in the sum of $ 800. million

5 Plaintiff request for costs and Attorney Fees be paid by Defendant's.

    I declare under penalty of perjury that the foregoing is true and correct.


    Signed this _____ day of _____, 20_____


_____

(Plaintiff's signature)

COMPLAINT          - 6 -



1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CONDALEE MORRIS,                     )   No. C 12-6132 LHK (PR)
                                        )
12              Plaintiff,               )   ORDER GRANTING LEAVE
                                        )   TO PROCEED IN FORMA
13  vs.                                  )   PAUPERIS
                                        )
14                                       )
    SGT. D. SANDOVAL, et al.,            )
15                                       )   (Docket No. 2)
                Defendants.             )
16  _____ )

17          Plaintiff, a California state prisoner currently incarcerated at Calipatria State Prison, filed

18  a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff's motion to proceed in

19  forma pauperis is GRANTED.  The total filing fee that will ultimately be due is $350.00.  In

20  view of Plaintiff's lack of income and zero account balance over the last six months, no initial

21  partial filing fee is due.  Funds for the filing fee will be taken from income to Plaintiff's account

22  in accordance with 28 U.S.C. § 1915(B)(1).  A copy of this order and the attached instructions

23  will be sent to Plaintiff, the prison trust account office, and the Court's financial office.

24          IT IS SO ORDERED.

25  DATED:   4/3/13

                                        LUCY H. KOH
26                                      United States District Judge

27
28

Order Granting Leave to Proceed in Forma Pauperis
G:\PRO-SE\SJ.LHK\CR.12\Morris132ifpzero.wpd

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee.  Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

        The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee.  This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

        Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00).  The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case.  The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.**  The initial partial filing fee is due **within thirty days** of the date of the attached order.  Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner
       Finance Office

Order Granting Leave to Proceed in Forma Pauperis
G:\PRO-SE\SJ.LHK\CR.12\Morris132ifpzero.wpd

2

1   At all times mentioned in this complaint defendant's (SGt) D Sandoval is and at all times relevant herein was employed by the CDC as a correctional sergeant at (SVSP) Plaintiff is informed and believes, and thereon alleges that defendant D. Sandoval is a properly trained correctional Sergeant who is and has been responsible for the safety, security and over all well-being of all inmates at (SVSP) At all times mentioned defendant D. Sandoval was acting under color of state law, in the course and scope of his employment, and is sued in his official and individual capacities.

2. At all time mentioned in this complaint defendant (SGt) myers is and at all times relevant herein was employed by the CDC as a correctional sergeant at (SVSP) Plaintiff is informed and believes, and thereon alleges that defendant myers is a properly trained correctional Sergeant who is and has been responsible for the safety, security and over all well-being of all inmates at (SVSP) At all times mentioned defendant myers was acting under color of state law, in the course and scope of his Employment, and is sued in his official and individual capacities

3. At all time mentioned in this complaint defendant C.O w. Blair is, and at all times relevant herein was employed by the CDC as a correctional officer at (SVSP) Plaintiff is informed and believes, and thereon alleges, that defendant C.O Blair is a properly trained correctional officer who is and has been responsible for the safety, security, and over all - well-being of all

inmate at (SVSP) At all times mentioned
defendant W. Blair was acting under color
of state law, in course and scope of his
employment, and is sued in his official
and individual capacities.

Defendant C.O J Huff is, and at all times relevant
herein was employed by the CDC as a correctional
officer at (SVSP) Plaintiff is informed and believes,
and thereon alleges, that defendant C.O Huff is a
properly trained correctional officer who is and has
been responsible for the safety, security, and
over all well-being of all inmates at (SVSP) At all
times mentioned defendant C.O W blair was acting
under color of state law, in the scope of his
employment, and is sued in his official and
Individual capacities.

Defendant C.O Espinosa is, and at all times relevant
herein was employed by the CDC as a correctional
officer at (SVSP) Plaintiff is informed and believes,
and thereon alleges, that defendant C.O Espinosa
is a properly trained correctional officer who is
and has been responsible for the safety, security,
and over all well-being of all inmates at (SVSP)
At all times mentioned defendant C.O Espinosa
was acting under color of state law, in the scope
of his employment, and is sued in his official
and Individual capacities.

11

As all time mentioned in this complaint defendant's (Sgt) D. Sandoval, (Sgt) Myers, C.O Blair, C.O Huff, C.O Espinosa, above violated Plaintiff's Eighth Amendment right to be Protected from Cruel and unusual punishment in the form of Excessive force, In claim 3.

— —

Defendant D. Nunley, R.N is, and at all times relevant herein was employed by the CDC as a registered nurse at (SVSP) Plaintiff is informed and believes, and thereon alleges, that defendant D. Nunley is a properly trained and licensed registered nurse who is and has been responsible for the medical care of all inmate at (SVSP). At all times mentioned defendant D. Nunley was acting under color of State law, in the course and scope of her employment, and is sued in her official and individual capaciti

Defendant designated herein as Doe 1. through 5, inclusiv is R.N, and at all times relevant herein was employed by the CDC as a registered nurse at (SVSP) Plaintiff is informed and believes, and thereon alleges, that defendant Does 1 through 5, is a properly trained and licensed registered nurse who is and has been responsible for the medi care of all inmate at (SVSP). At all times mentio

defendant's Doe 1 through 2 was acting under color of state law, in the course and scope of his/her employment, and is sued in his/her official and individual capacities.

Defendant's I. Nunley and Doe's 1 through 3 above violated the Plaintiff Eighth Amendment right to Deliberate indifference to serious medical needs, In claim 2

— —

Defendant M. Rose is and at all times relevant herein was employed by the CDC as a Correctional lieutenant at (SVSP) Plaintiff is informed and believes and thereon alleges that M. Rose is a properly trained correctional lieutenant who is and has been responsible for the safety, security and over all well-being of all inmates at (SVSP) with the General Duties and Responsibilities To familiarize himself with the Prison policy, Resource manual, Dom and more. At all times mentioned defendant M.Rose was acting under color of state law, in the course and scope of his employment, and is sued in his official and individual capacitie

Defendant M Rose above violated the Plaintiff's fourteenth Amendment right to due process In Claim 1

A III - Statement of claim 1

A III - facts of claim 1.

Due process violation against Defendant M. Rose

1  Plaintiff had his disciplinary hearing regarding (RVR) no susp - FC8 - 12 - 01 - 0029 before Defendant (Lt) M Rose

2. The plaintiff requested that the disciplinary hearing officer to call C.O. Hamilton D, C.O. W Blair, C.O Vasquez A, C.O J. Huff, C.O J. Tercero, C.O. J Murphy, (Sgt) D. sandoval and (Lt) J. Ippolito as witness at the hearing. Defendant M. Rose only called Defendant W. Blair as a witnesses and failed to call the other six witnesses the Plaintiff requested Defendant M. Rose stated he was not calling any of the other witnesses and If I have a problem with it then writ him up. So the plaintiff did on dated and filed a CDCR 22 that is dated 2-22-12

3. Defendant M. Rose failure to allow the plaintiff statement and Question read into hearing record was an obvious procedural defect.

15

4 Plaintiff received all these procedural requirement in his disciplinary hearing the following:

(1) at least a twenty-four advance written notice of the hearing on the claimed violati

(2) a qualified right to an opportunity to be heard, But not including calling witnesses and presenting evidence in his defense,.

(3) a written statement by the factfinder detailing the evidence relied upon and the reasons for the disciplinary action.

5. Following the hearing, Plaintiff received a written disposition finding him guilty as charged base on a preponderance of the evidence submitted at the hearing. The written disposition noted the evidence includes employees written reports of w. Blair and C.O. A. Vasquez. also base on I the Plaintiff told him I was not moving (see CCI$$3005 (C), $3269(a) which the plaintiff is already in the (ASU).

6 As a result of the Plaintiff being found guilty of a Division "B" offense, Plaintiff was assessed (150) days forfeiture of credit. As result of the Plaintiff being

found guilty, he's during a term of 12 months in segregation

And the plaintiff was denied the right to earn good-time credits from 1-7-12 thru 2-22-13

## First Claim for Relief

Plaintiff realleges and incorporates by reference each general allegations of paragraph 1, thru 6

Defendant Lt Rose did violate plaintiff's Due process Rights, under fourteenth Amendment.

7. Plaintiff complains that during a disciplinary hearing, Lt Rose disallowed the testimony of six of seven witness requested by plaintiff (and) failure to allow the plaintiff statement and Questions read into the hearing record an obvious Procedural defect.

8. Whether Plaintiff should have been allow to call any witness (and) his statement and Question read into the hearing record at all is dependent upon whether Plaintiff lost any good - time credits The Wolff v McDonnell 418 US 539 563 - 67 (1974) Procedural requirements

9. Here, Plaintiff does alleges he lost good time credits Therefore, Plaintiff had due process right to call witness and to be allowed to have his statement and Question read into the hearing

10. Defendant Rose conduct violates 42 USC § 1983 becaus

The Due process clause protects prisoners from being deprived of liberty without due process of Law. Wolff v McDonnell 418 US 537 556 (1974) In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process clause itself or from state law. Hewitt v Helms 459 US 460 466-68 (1983) with respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations in determined by focusing on the nature of the deprivation. Sandin v Conner 515 US 472 481-84 (1995) Liberty interests created by state law or prison regulation are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incident of prison Life Id at 484

As a proximate result of the Defendant conduct, The Plaintiff is entitle to Damages.

A II Facts of Claim 2

EXCESSIVE force against Blair, Huff, (sgt myers, (sgt) D. Sandoval, and c.o espinosa

C.O. W. Blair used excessive force against Plaintiff when force was not required. Plaintiff used self-Defense against the excessive force by c.o W Blair.

Here on Jan 7, 2012 Plaintiff refused the assigned cell by c.o Blair and also refused the assigned cell In front of (SGt) D. Sandoval and another (SGt)(Myers ) that was assigned to c-yard that day. Which I informed them the only thing they can do is to Write a (CRVR) Base on I was already In (Asu) which their is a (title 15 section to supper that COR 55 3005cc), 3269(g).

. Both sgt's and c.o W Blair left my cell door. (SGt) D. Sandoval made it clear that he dont want me in none of these building on c yard and stated do what you have to do. (Which the Plaintiff condalee Morris state on the video taped intery ) Then Plaintiff watch the following officer's Blair and J. Huff also c.o espinosa and the second (SGt) Myers , They went out side in the front of the building and the booth control offic c.o vasquez A, went to the back window for the meeting. Blair stated that Huff provided him the third can of MK-9 oc pepper spray. (see IE Report page 1 of 3) (see Huff report CDCR 837)

Here - excessive force - by C.O W Blair that did not require force.

Then after their meeting C.O W. Blair and C.O Espinosa and another C.O. I can't Id. Came to my cell door. C.O. W Blair ordered Plaintiff to turn around and cuff up. Plaintiff did started to comply But CO Blair place his right hand through the food port and started spraying into the cell, striking Plaintiff in his back side profile for no reason at all, I never was able to put my hands near or through the food port. Before or during this time Plaintiff did not touch or attempted to touch this officer and any shape fashion or form.

(see CDCR 7219) by LVN D. Nunley which shows overall view of Inmate Morris back profile. which the injury found O.C. pepper spray - et al.

(see C.O Vasques A) report- He observed C/O W. Blair approach inmate Morris cell et al, He observ C.O Blair utilized three MK-9 spray into the cell.

(see J Huff) report = He Responded to an alarm in C-8 A- POB "upon entering the pod" He obser officer Blair using "his" MK-9 oc spray and giving orders To the inmate in the cell. log to submit to Handcuff's et al.

21
<del>WWAG9</del>
#2

( see The I.E Report page 1 of 3) Questions for C.O Blair (Q2) and (A2)

( see The I.E Report page 1 of 3 ) Question for C.O. J Huff (Q1) and (A1)

( see The I.E Report page 2 of 3) Question for (S.O+) Sandoval Look at all Questions and Answers.

( see Photograph's = 2012-001, 2012-002 - 2012-003) It's clear, that he is only capable to carry only only one MK-9 oc pepper spray. not Two or three.

The claim self defense by (Plaintiff) base on C.O.W Blair use ~~excessive~~ force above.

(see Cal crim 2671; state If a peace office use excessive force The prisoner has a right to Defend him self. (see cal crim 3470 thru 3477 ) same.

Here(, CSR, etal.) Basing the Battery on a Peace office specifically, Plaintiff grabed the arm of a staff member and attempted to pull it through the food por

But this is not the case, Now after the first can of MK-9 oc pepper spray ran out C.O Blair could not get his right arm out the food port. An at this tim Plaintiff grabed for the MK-9 oc pepper spray can o I did have a hold of it and not the staff memb hand or arms. Since C.O W Blair uses unreasonal

and excessive force. while spraying into my cell
for no reason. Plaintiff lawfully use reasonable
force to defend myself.

C.O Blair ordered me to "Let it go" But I did
refused Blair then utilized the second Mk-9
oc pepper spray into the cell, striking the
Plaintiff in the upper torso and chest area. Plaintiff
still did not released the Mk-9 oc pepper spray can.
That was in C.O Blair right hand. He pull and he
pulled still I did not let it go Causing this
officer to injury himself And not by my hands.
Then the second can of Mk-9oc pepper spray
than ran out. Then He utilizing a third
can of Mk-9 oc pepper spray into the cell this
~~time striking~~ Plaintiff in the front facial area.
~~Then~~ Plaintiff release the first can of Mk-7 oc
pepper spray.

Then after all the above incident- C.O Huff order
Plaintiff to turn around and cuff up and I
did without any incident. But upon been removed
from the cell log In handcuffs which I did
not resist and any shape fashion or form.

The Plaintiff walk out the building to c-yard
medical. Plaintiff requests for medical care regard
his eyes. The (LVN) ~~onowannawnooka~~ Refuse to
provide it or obtain it after Plaintiff inform
them of his serious medical conditions regard
his eyes. Plaintiff later lost one of his eye sight
(Right eye).

C.O w Blair came into the holding area were
The Plauntiff was in and stated the
following statement To the Plauntiff
Condales Morris V-96203

"This is how we do it down here In
Salinas Valley state Prison

24

## Second Claim for Relief

Violation of Prisoner's Eighth Amendment Right to be free from the Use of Excessive force

Plaintiff realleges and incorporates by reference each allegation of paragraphs ____ thru ____ inclusive, as if alleged herein.

Defendant's (Sgt) D Sandoval Co. W Blair, Co. J. Huff C.o Espinosa, (Sgt) Myers violated the Plaintiff Eighth Amendment right to be protected from cruel and unusual punishment in the form of Excessive force, by their unnecessary and wanton infliction of pain and including physical injury of the lost of his right eye sight and psychological and Emotional distress as herein alleged.

Specifically, defendants knowingly, maliciously and sadistically inflicted physical, emotional, and mental abuse upon Plaintiff. When (Sgt) D Sandoval made it clear that he dont want the Plaintiff in none of his building on c-yard, and stated do, what you have to do.. And c.o Blair, c.o J. Huff, c.o Espinosa and (Sgt) Myers and, also c.o Vasquez all met out side at the back door and window. At that time, c.o. J Huff provided c.o Blair his can of mk-9 oc pepper spray. And I'm not share if c.o espinose also provided him the other.

Then after Blair, Espinoza and another (C/O) the Plaintiff can't Id, came to his cell door -- Blair ordered the Plaintiff to turn around and cuff up -- The Plaintiff did start to comply until -- Blair start spraying into the plaintiff cell with the first can of MK-9 oc pepper spray striking the Plaintiff in his back side profile for no reason at all, Plaintiff was never able to put his hands near or through the food port. Base on Plaintiff was 3½ feet away from the door -- Before or during this time the Plaintiff did not touch or attempted to touch or attempted to touch this officer -- any shape fashion or form

Then after the plaintiff tryed to stop the excessive force -- Plaintiff lawfully use reasonable force to defend himself

This cause Blair to spray the second MK-9 oc pepper spray can at the Plaintiff upper torso and chest area and then the third can of MK-9 oc pepper spray into the front facial area of the Plaintiff causing the Plaintiff to go blind, Blair actions here cause the Plaintiff to loss his right eye sight.          24

C.O Vasques A stated he observed C.O Blair approach the Plaintiff cell — And — He observe Blair utilized three IIIK-9 oc spray into the cell.

C.O W Blair came into the C-yard medical clinic for Medical Evaluation and treatment by R.N. D Numley whyll there Blair came into the holding area were the Plaintiff was in — — Then stated the following statement to the Plaintiff:

This is how we do it down here, In Salinas Valley State Prison.

Plaintiff is informed and believes, and there on alleges, that Defendant's D. Sandval. Knew that the Defendant's W. Blair, J. Huff, (Sgt) Myer, C.O Espinosa, was capable of and likely to perpetrate such a outrageous act as stated above.

Plaintiff is further informed and believe, and therein alleges, that defendant D. Sandoval Knew that such conduct would be harmful to the Plaintiff and his serious medical condition which causing the plaintiff to wear a (Vision Vest) all times including in (ASU) or any other inmate subjected to such conduct. Yet allowed defendant's (Sgt) Myer, W. Blair, J. Huf and Espinosa to remain in there position of authority, and to carry out the offensive behavior. Inclu so Defendant D Sandoval

implemented a policy that repudiated Plaintiff constitutional rights and was unconscionable. Under the doctrine of supervisory liability defendant D. Sandoval is liable for Plaintiff injuries - which is the lost of his right eye sight.

Defendant's (Sgt) D. Sandoval, (Sgt) Myer, c.o W Blair, c.o J Huff, and c.o Espinosa, and each of them, subjected Plaintiff to this physical, emotional, and mental abuse under circumstances which did not require the use of any physical force whatsoever. Base on the date Jan 7, 2012 - Plaintiff refused the assigned cell by c.o Blair and also refused the assigned cell in front of (Sgt) Myer and (Sgt) D. Sandoval that was assigned to c-yard that day. (I) inform the above (Sgt's) and (c.o) that base on I'm already in (ASU) all you can do is to write a (RVR) -- which is clearly supported by title 15 section 3005(c), 3209(g)

Defendant's above acts as alleged herein were despicable, knowing, willful, malicious, and/or carried out with reckless disregards for Plaintiff federally protected rights.

As a direct and proximate result of all of the defendant's actions herein alleged, Plaintiff suffered, and continues to suffer, physical injury

2⅞

In claim 3 regards to the lost of his Right eye.
Plaintiff is entitled to an award of $600, million
Punitive damage (and)$800 million Compensatory
damages for injuries suffered.

As a further direct and proximate result of all
the defendants actions herein alleged, Plaintiff
suffered, and continues to suffer, severe
emotional and psychological distress. Plaintiff
is entitled to an award of $800 million
compensatory and $600 million punitive damages
for injuries suffered.

Plaintiff is entitle to injunctive relief, including
but not limited to, an order requiring the
request that his court grants the following relief

1) Expunge the disciplinary conviction described in
this complaint by M. Rose from Plaintiff institutional
records under case no FC12-01-0067 or
SVSP-FC8-12-01-0029

2) Restored all good-time credits loss and provided
   all good-time credits from 1-7-12 thru 2-22-13

## Second Claim For Relief

Violation of Plaintiff's Eighth Amendment
Right to be have Personal Safety.

Plaintiff realleges and incorporates by reference
each of the general allegation of Paragraph's
___ thru ___, inclusive, and paragraphs ___ thru ___
inclusive, of the Third Claim, as if
alleged herein.

Defendant's (SGt) D. Sandoval, (SGt) Myers, C.O W Blair,
C.O J. Huff and C.o Espinosa have denied Plaintiff
his Eighth Amendment right to be free from
Cruel and unusual punishment in the form
of deprivation of personal safety, thus denying
a basic human need guaranteed to Plaintiffs
by the United States Constitution.

In doing as allege hereinabove, defendant's above
acted with deliberate indifference to Plaintiff
personal safty, and subjected him to unnecessary
and wanton infliction of pain, including physical
injury of the Plaintiff lost of his Right eye sight
and psychological and emotional distress, in
Violation of his rights under the Eighth Amendme

Specifically, defendant's above were deliberately indifferent to Plaintiff right to have personal safety, when they intentionally, knowingly, and maliciously inflicted physical abuse ~~cruel~~ ~~punishment~~ on Plaintiff by when (Sgt) D. Sandoval made it clear that he dont want the Plaintiff in none of his building on C-yard and told them to do what you have to do.-- Defendant's w. Blair, J. Huff, Espinosa, (Sgt) Meyer, Vasquez A all met out side at the back door and Vasquez A met at the back window-- At time J. Huff and Espinose had provided Blair their cans of MK-9 OC PEPPER spray.

Then after Blair, Espinose and another (C.O) the Plaintiff cant Id, came to his cell door-- Blair ordered the Plaintiff to turn around and cuff up-- The Plaintiff did start to comply until-- Blair start spraying into the Plaintiff cell with the first can of MK-9 OC PEPPER spray striking the Plaintiff in his back side profile for no reason at all, Plaintiff was never able to put his hands near or through the food port. Base on Plaintiff was 3½ feet away from the door.-- Before or during this time the Plaintiff did not touch or attempted to touch this officer ~~cruel~~ any shape fashion or form.

Then after the Plaintiff tryed to stop the Excessive force - Plaintiff lawfully use reasonable force to defend himself.

2, 1

This cause Blair to spray the second MK-9 cc pepper spray can at the Plaintiff upper torso and chest area and, then the third can of MK-9 cc pepper spray into the front facial area of the Plaintiff causing the Plaintiff to go blind, Blair action here cause the Plaintiff to loss his right eye sight.

Defendant's above acted despicably, Knowingly, willfully, and maliciously, or with reckless or callous disregard for Plaintiff federally protected rights.

As a direct and proximate result of all the defendant actions herein alleged, Plaintiff suffered, and continues to suffer, physical injury of his lost of his right eye sight. Plaintiff is entitled to an award of $800, Million in compensatory and $600 Million in punitive damages for his injuries suffered

As a further direct and proximate result of all of the defendant above actions herein alleged, Plaintiff suffered, and continues to suffer, severe emotional and psychological distress. Plaintiff is entitle to an award of $800, Millions In compensatory and $600

Million In punitive damages for injuries suffered

Plaintiff is entitled to injunctive relief, including but not limited to, an order requiring the request that this court grants the following relief 1.) Expunge the disciplinary conviction described in this complaint by M. Rose from Plaintiff institutional records under Case no FC12-01-0067 or SVSP-FC8-12-01-0029

2.) Restore all good-time credits loss

A III - Facts of the Claim 3.

Plaintiff allegations against Defendant Nunley D Jane doe, Jane doe, John Doe for denial of Medical Care.

1. Plaintiff alleges he complained to Defendant Nunley D about the use excessive force by C.O Blair and his serious medical condition. Plaintiff requested for medical treatment an to be sent to the central medical. But Defendant Nunley D refuse to provide the Plaintiff medical care, and told him that it would wear off in a few hours. Later the Plaintiff got sight in his left eye. But He still was not able to see out of his right eye. The Plaintiff started Banging on the cage and a C.O. came into the holding cell room and asked the Plaintiff what is your problem. The Plaintiff told him he can't see out of his right eye, and then the medical staff came back in the Room. The Plaintiff request for the second time for medical treatment or maybe she could obtain the Plaintiff medical treatment again. She failed to provide an obtain him any treatment. Plaintiff explain to her the second time about the Plaintiff having end - stage Glaucoma The Defendant still did not treat the Plaintiff for his end - stage Glaucoma after been spra in his eye with pepper spray by C.O Blair. Plaintiff was placed in administrative segregatio

34

On Jan 2, 2012

12. After being Placed in administrative segregation on Jan 7, Plaintiff complained to Act-Seg medical staff "Jane Doe about the excessive force by Defenda Blair and his serious medical condition. Plaintiff alleges that he does not know "Jane Doe" or Jane doe and John doe's true name because They was not wearing a name tag. She failed to provided or obtain the Plaintiff any medical care. She state that she leaving want until the next morning and if you still can't see let the morning medica staff know. Defendant 'Jane doe above ignored and failed to respond to Plaintiff's medical complaints. The next morning on Jan 8, 2012 The Defendant "Doe" was walking around the buildi I the Plaintiff stop the Defendant "Doe" and complained again to the next Ad-Seg medical staff. The Defendant Doe stated the following that the MK9 oc pepper spray will wear off in a few days. The Plaintiff again requested for medical treatment or to be sent to central medical here at (SVSP) The Defendant Doe failed to respond to the Defendant request's. Then the afternoon medical staff came around again I the Plaintiff in this case explained my medical condition and then complained tha I was not able to see out of my Right eye. The Defendant "Doe" stated wait until the next morning. The next morning came The medical staff stop what he/she was doing Gave me a SICK call request. And left

To obtain me the (Plaintiff) medical treatment.

13  The Plaintiff wrote (five) sick call requests, seeking appointment for his eye et al, under the following sick call requests numbers of the form(s) (1559925), (1563404), (1560048), (1766590), (1559646)

14  Plaintiff wrote a 602 grievance concerning the delay and denial of medical care by all the Defendants et al on Jan 14, 2012. for not received treatment for his eyes from Jan 7, 2012 thru Jan 9, 2012, where he suffered the lost of his sight in his right eye as result of a delay and denial of treat ~~that also~~ cause by been sprayed in his eyes by C.O. W Blair

15  On Jan 15, 2012 Plaintiff was removed from Salinas Valley state prison (Ad-Seg) and was tooken to the central medical for examination of his eye's, the Plaintiff was diagnosed with the lost of his right eye sight.

16  On 3-12-2012 Plaintiff was removed from Calipatria state Prison (Ad-Seg) and what to California Retina Associates at, 1452 S. La Brucherie Rd, Ste A, El Centro, CA 92243. (760) 352-7755) for another examination of my eyes again the Plaintiff was diagnosed with the lost of my (Right) eye sight.

IV. Relief,          Third Claim for relief

Eighth Amendment Violation - Deliberate Indifference
to serious medical needs,

17. Plaintiff refers to and incorporates by reference herein
the allegations of Paragraphs 11 thru 16 inclusive

18 Plaintiff medical condition, as described as
End-stage Glaucoma Constitute a serious
medical need in that failure to treat it is
likely to cause more serious injury. Said
injury has included, loss of sight. Plaintiffs
medical condition also significantly affect his
activities in prison each and every day.

19 Plaintiff is informed and believes and thereon
alleges that defendant's have acted intentionally
in the manner described above and with
knowledge of plaintiff suffering and the risk
of further serious harm that could result
from their actions or refusal to act.

20 Defendant's (Lvn) Nunley D, Jane Doe, John Doe,
Jane Doe conduct violates 42 U.S.C § 1983, because
that conduct constitutes deliberate indifference
to the plaintiffs serious medical needs in violation
of his Eighth Amendment right to be free
from cruel and unusual punishment.

21 As a proximate result of the defendant's conduct, plaintiff has suffered and continues to suffer damages in the form of loss of his Right eye, and suffering and emotional distress Plaintiff is informed and believes, and thereon alleges, that he will continues to suffer such damages in the future.

22. As a further proximate result of Defendant's conduct, Plaintiff is informed and believes, and thereon alleges, that he will suffer damages in the future in the form of medical expenses for treatment of his condition, and loss of Income.

23. In acting as described here above, defendant acted despicably, knowingly, willfully, and maliciously, or with reckless or callous disregard for plaintiff's federally protected rights entitling plaintiff to an award of compensatory and punitive damages