IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONDALEE MORRIS,
Plaintiff,
v.
SGT. D. SANDOVAL, et al.,
Defendants.

No. C 12-6132 LHK (PR)

ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court orders service upon the named Defendants.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Legal Claims

In the complaint, Plaintiff alleges that on January 7, 2012, Defendant Blair used excessive force upon him when Defendant Blair used three cans of pepper spray on Plaintiff, and Defendants Sandoval, Myers, Huff, and Espinosa exhibited deliberate indifference, in violation of the Eighth Amendment. Plaintiff also claims that Defendant LVN D. Nunley and Doe Defendants refused to provide medical treatment to Plaintiff after he was pepper sprayed. Plaintiff alleges that, as a result of the pepper spray and lack of treatment, he has now permanently lost vision in his right eye. Liberally construed, Plaintiff has stated cognizable claims for relief.

Plaintiff also raises a claim that Defendant M. Rose violated his right to due process during his disciplinary hearing. Specifically, Plaintiff states that Defendant M. Rose prevented Plaintiff from presenting six witnesses on his behalf, and prevented Plaintiff's statements and questions from being read into the record. Plaintiff alleges that the guilty finding at his disciplinary hearing resulted in a 150 day credit forfeiture, and requests damages, expungement of his disciplinary conviction, and restoration of his credits.

However, in order to recover damages caused by actions whose unlawfulness would render a conviction or sentence invalid, Plaintiff must prove that the guilty finding from his disciplinary hearing has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). If a plaintiff's challenge to disciplinary hearing procedures that resulted in the deprivation of credits would necessarily imply the invalidity of the disciplinary judgment, *Heck* bars that claim. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997). Accordingly, Plaintiff's due process claim is DISMISSED without prejudice. If Plaintiff wishes to challenge the decision

that resulted in the credit forfeiture, he must do so in a petition for writ of habeas corpus, but not until he has first exhausted his state judicial remedies.

Plaintiff also lists "Doe" Defendants. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See id.* Should Plaintiff discover the identities of the Doe Defendants, he may move to amend his complaint to include them in this action at a later date.

**CONCLUSION**

1. Doe Defendants and Defendant Lt. M. Rose are DISMISSED without prejudice.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 9), and a copy of this Order to **Sgt. D. Sandoval, Correctional Officer W. Blair, Correctional Officer J. Huff, Correctional Officer Espinosa, Sgt. Myers, and LVN D. Nunley** at **SVSP**.

The Clerk of the Court shall also mail a courtesy copy of the amended complaint and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **<u>sixty (60) days</u>** from the date on which the request for waiver

was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. No later than **ninety (90) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/15/13

LUCY H. KOH
United States District Judge