IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS, | No. C 12-6132 LHK (PR) |
| Plaintiff, | ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT; DENYING MOTION TO COMPEL |
| v. | |
| SGT. D. SANDOVAL, et al., | (Docket Nos. 33, 39, 64, 67) |
| Defendants. | |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has filed several motions for default judgment.  (Docket Nos. 33, 39, 67 Defendants have filed oppositions (docket nos. 36, 73), and plaintiff has filed replies (docket nos. 42, 77).  Plaintiff has also filed a motion to compel discovery (docket no. 64), to which defendants have filed an opposition (docket no. 69).  For the reasons stated below, plaintiff's motions for default judgment are DENIED, and plaintiff's motion to compel is DENIED.

I.      Motions for Default Judgment

In plaintiff's motions, plaintiff argues that defendants failed to file a timely answer and requests that the court enter a default judgment against them.  As an initial matter, Federal Rule of Civil Procedure 55(b)(2) provides for a court ordered default judgment after an entry of default under Federal Rule of Civil Procedure 55(a).  *See Penpower Technology Ltd. v. SPC Technology*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008).  Here, plaintiff never sought an entry

1   of default, nor has one been entered by the clerk of the court.  *See* Fed. R. Civ. P. 55(a).  Thus,

2   plaintiff's motions are DENIED.

3        Alternatively, even assuming that plaintiff's motions are proper, the docket indicates that

4   on August 8, 2013, the clerk mailed a notice of lawsuit and request for waiver to each of the six

5   defendants.  (Docket Nos. 12-17.)  In the notice of lawsuit, defendants were informed that if they

6   returned a signed waiver, the waiver would be filed with the court and "[t]he action will then

7   proceed as if you had been served on the date the waiver is filed, except that you will not be

8   obligated to answer the complaint before 60 days from the date designated below as the date on

9   which this notice is sent . . ."  In addition, in the court's order of service, defendants are told that

10  if they waive service, they will not be required to serve and file an answer before 60 days from

11  the date on which the request for waiver is sent.  (Docket No. 11 at 3-4.)

12       On October 1, 2013, all six defendants filed a waiver of service.  (Docket Nos. 21-26.)

13  On October 8, 2013, defendants filed a motion for an extension of time within which to file a

14  dispositive motion.  (Docket No. 27.)  Even assuming that defendants' answer, filed on

15  November 25, 2013 (docket no. 32), is untimely, defendants' motion for an extension of time is

16  sufficient indication of their intent to defend this action.  *See* Fed. R. Civ. P. 55(a) (requiring the

17  clerk of the court to enter default "when a party against whom a judgment for affirmative relief is

18  sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or

19  otherwise.") (Emphasis added.)

20       More importantly, it is well-settled law that the court has the discretion to deny entry of

21  default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In choosing whether

22  to grant or deny an application for default judgment, the court may consider a number of factors

23  including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's

24  substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the

25  action; (5) the possibility of dispute concerning material facts; (6) whether the default was due to

26  excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure

27  favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see also*

28  *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (upholding denial of motion for entry of

1    default judgment where answer was not timely).

2         Regarding the first factor, plaintiff explains that he will be prejudiced by the delay

3    because is having to litigate the underlying claims.  This is unpersuasive.  *See TCI Group Life*

4    *Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on

5    the merits cannot be considered prejudicial for purposes of lifting a default judgment.").

6    Regarding the third factor, plaintiff's complaint requests a significant sum of damages.

7    Regarding the fifth factor, defendants have filed a motion for summary judgment, which plaintiff

8    has opposed, alleging that there are disputed material facts at issue.  Finally, regarding the

9    seventh factor, the court recognizes the policy that "[c]ases should be decided upon their merits

10   whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  Accordingly, plaintiff's motions for

11   entry of a default judgment are DENIED.

12   II.   Motion to Compel

13        On February 12, 2014, plaintiff filed a request to meet and confer with defendants for

14   defendants to produce documents.  (Docket No. 63.)  One week later, on February 17, 2014,

15   plaintiff filed a motion to compel.  (Docket No. 64.)  In general, the court will not interfere with

16   discovery matters unless and until the parties have satisfied the "meet and confer" requirements

17   of the discovery rules. *See* Fed. R. Civ. P. 37(a)(2)(A) (providing that a motion to compel must

18   include certification that the movant has in good faith conferred or attempted to confer with

19   non-disclosing party in an effort to secure disclosure without court action).  Plaintiff has not

20   complied with this rule.  Moreover, in their opposition, defendants state that they have provided

21   the document that plaintiff appears to have requested.  (Docket No. 69.)  Thus, plaintiff's motion

22   is DENIED as moot.

23        IT IS SO ORDERED.

24   DATED:     5/28/14                          *Lucy H. Koh*
                                                _____
25                                              LUCY H. KOH
                                                United States District Judge
26

27

28