KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General
GIAM M. NGUYEN
Deputy Attorney General
State Bar No. 229236
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5686
  Fax: (415) 703-5843
  E-mail: Giam.Nguyen@doj.ca.gov
*Attorneys for Defendants*
*D. Sandoval, D. Nunley, M. Espinosa, and W. Blair*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CONDALEE MORRIS,**<br><br>                             Plaintiff,<br><br>v.<br><br>**D. SANDOVAL, et al.,**<br><br>                            Defendants. | C 12-6132 JD (PR)<br><br>**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: September 2, 2015<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 11, 19th Floor<br>Judge: The Honorable James Donato<br>Trial Date: Feb. 8, 2016<br>Action Filed: December 3, 2012 |

Defendants submit this Case Management Statement pursuant to Judge Koh's May 27, 2015 Case Management Order (ECF no. 162). After this case was transferred, the current Court issued an order on July 17, 2015 stating that "all dates presently scheduled are vacated[.]" ECF no. 182. But the July 17, 2015 order also stated that "[b]riefing schedules, ADR compliance deadlines, and other case deadlines remain unchanged." *Id.* Defendants are unsure if the dates set in Judge Koh's May 27, 2015 order have been vacated and thus submit this case management conference statement. In addition, Defendants have not been able to communicate with Plaintiff to submit a joint statement because of Plaintiff's incarceration, and therefore submit this

1

statement separately.

///

1. **Jurisdiction & Service**

Under Plaintiff's current complaint, the Court has jurisdiction over this lawsuit based on federal question jurisdiction under 28 U.S.C. § 1331. There are no issues regarding personal jurisdiction or venue. In addition, Defendants have all been served with the lawsuit.

///

2. **Facts**

Plaintiff Morris is a California state-prison inmate at California State Prison, Sacramento. Plaintiff initially filed a complaint on December 3, 2012. Judge Koh dismissed the initial complaint and granted leave to amend. Plaintiff then filed his Amended Complaint on May 10, 2013, and Judge Koh screened Plaintiff's Amended Complaint on July 16, 2013. Plaintiff's Amended Complaint alleges that Defendant Blair used excessive force against Plaintiff with three cans of pepper spray and that the other Defendants were deliberately indifferent to the incident and Plaintiff's medical needs. In the Order of Service, Judge Koh recognized the following claims: (1) an Eighth Amendment excessive-force claim against Defendant Blair; (2) an Eighth Amendment deliberate-indifference claim against Defendants Sandoval, Meyer, Huff, and Espinosa; and (3) an Eighth Amendment deliberate-indifference-to-serious-medical-needs claim against Defendant Nunley. After Judge Koh's ruling on Defendants' summary-judgment motion, the following claims survive: (1) an Eighth Amendment excessive-force claim against Defendant Blair, (2) an Eighth Amendment deliberate-indifference claim against Defendants Espinosa and Sandoval; and (3) an Eighth Amendment deliberate-indifference-to-serious-medical-needs claim against Defendant Nunley.

Defendants dispute Plaintiff's factual allegations. Specifically, Defendants dispute that Defendant Blair used excessive force against Plaintiff. Indeed, Defendant Blair used only reasonable force to subdue Plaintiff after his physical attack on Defendant Blair. In addition, Defendants dispute that any Defendant was deliberately indifferent to any alleged excessive force used against Plaintiff or to any of Plaintiff's serious medical needs.

2

Defs.' Case Mgmt. Conf. Statement (C 12-6132 JD (PR))

///

**3. Legal Issues**

    **A.    Plaintiff's Eighth Amendment Excessive-Force Claim**

The arbitrary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. *Id.* at 6-7. In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Id.* at 7. In reviewing these factors, courts must accord prison administrators wide-ranging deference in the adoption and execution of policies and practices to further institutional order and security. *Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001). In this case, Defendants dispute that any excessive force was used against Plaintiff.

    **B.    Plaintiff's Eighth Amendment Deliberate-Indifference Claim**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *See id.* at 842; *Robins v.*

3

Defs.' Case Mgmt. Conf. Statement (C 12-6132 JD (PR))

*Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (recognizing that the Eighth Amendment requires that prison officials intervene on behalf of a prisoner if he has knowledge that other officers are violating the prisoner's constitutional rights). This duty extends to a prison official that is aware of a specific risk of harm to the plaintiff only if he has a reasonable opportunity to intervene. *See Robins*, 60 F.3d at 1442.

Here, Defendants dispute that they were aware of any specific risk of harm to Plaintiff and also dispute that they failed to intervene to prevent the harm.

### C. Plaintiff's Deliberate-Indifference-to-Serious-Medical-Needs Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060.

Here, Defendants dispute that Defendant Nunley knew of a substantial risk of serious harm to Plaintiff and then ignored that risk.

///

///

4

Defs.' Case Mgmt. Conf. Statement (C 12-6132 JD (PR))

**4. Motions**

Defendants filed a summary judgment motion that was denied. Plaintiff has filed numerous motions that both lack merit and are repetitive, and Defendants may seek to limit Plaintiff's future frivolous filings.

Plaintiff also filed a cross-motion for summary judgment, and Defendants have opposed Plaintiff's motion. That motion is pending.

In addition, Plaintiff filed a document titled "Plaintiff request this case is appropriate for referral to ADR … An request for appointment of counsel." (ECF no. 172). The parties have already been to a settlement conference before Magistrate Judge Vadas, and it was unproductive. Defendants remain open to negotiating a reasonable settlement, but to date, Plaintiff has been uncooperative. In addition, Plaintiff was previously appointed pro bono counsel and refused their representation. (ECF nos. 162 & 167). Other than the title of Plaintiff's filing, he gives no indication that he now seeks new pro bono counsel. And even if he is requesting new pro bono counsel, he fails to justify his new request in light of his previous refusal of representation.

Furthermore, while not a motion in this case, Plaintiff appears to have attempted to begin parallel state court proceedings against Judge Koh, Clerk of Court Richard Wieking, and Defendants' counsel Giam M. Nguyen in Santa Clara Superior Court. That case number is 14-CV-275007. Defendants believe that case is meritless and should have no bearing on the present case.

///

**5. Amendment of Pleadings**

Defendants' counsel agrees with deadlines set in Judge Koh's May 27, 2015 Case Management Order.

///

**6. Evidence Preservation**

Defendants' counsel has reviewed the ESI guidelines. Defendants have been instructed to preserve all evidence concerning Plaintiff and his claims in this lawsuit.

///

5

Defs.' Case Mgmt. Conf. Statement (C 12-6132 JD (PR))

**7. Disclosures**

Defendants have made initial disclosures. Plaintiff has not.

///

**8. Discovery**

Defendants agree with the current discovery schedule set by Judge Koh's May 27, 2015 order.

///

**9. Class Actions**

This case is not a class action.

///

**10. Related Cases**

There are no related cases.

///

**11. Relief**

Plaintiff is not entitled to any relief on his claims. If Defendants prevail, they may be entitled to their costs and fees, as appropriate.

///

**12. Settlement and ADR**

The parties have participated in a settlement conference before Magistrate Judge Vadas. Although the negotiations were unproductive, Defendants are open to negotiating a good-faith settlement. In addition, should Plaintiff indicate a willingness to negotiate, Defendants remain open to another settlement conference conducted by a magistrate judge.

///

**13. Consent to Magistrate Judge For All Purposes**

At this stage, Defendants do not consent to assignment of the case to a magistrate judge for all purposes.

///

6

Defs.' Case Mgmt. Conf. Statement (C 12-6132 JD (PR))

**14. Other References**

This case is not appropriate for referral.

///

**15. Narrowing of Issues**

At this stage, Defendants do not believe that issues may be narrowed yet.

///

**16. Expedited Trial Procedure**

This case is not appropriate for expedited trial.

///

**17. Scheduling**

Defendants agree with Judge Koh's schedule, entered in the May 27, 2015 order.

///

**18. Trial**

Defendants ask for a jury trial. Defendants estimate that a trial will require five days.

///

**19. Disclosure of Non-party Interested Entities or Persons**

Because Defendants work for a government entity, they are exempt from Civil Local Rule 3-15.

///

**20. Professional Conduct**

Defendants' counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

**21. Other**

As noted in the "Motions" section, Plaintiff filed a document titled "Plaintiff request this case is appropriate for referral to ADR … An request for appointment of counsel." (ECF no. 172). The parties have already been to a settlement conference before Magistrate Judge Vadas, and it was unproductive. Defendants remain open to negotiating a reasonable settlement, but to

7

Defs.' Case Mgmt. Conf. Statement (C 12-6132 JD (PR))

date, Plaintiff has been uncooperative. In addition, Plaintiff was previously appointed pro bono counsel and refused their representation. (ECF nos. 162 & 167). Other than the title of Plaintiff's filing, he gives no indication that he now seeks new pro bono counsel. And even if he is requesting new pro bono counsel, he fails to justify his new request in light of his previous refusal of representation.

Furthermore, Plaintiff appears to have attempted to begin parallel state court proceedings against Judge Koh, Clerk of Court Richard Wieking, and Defendants' counsel Giam M. Nguyen in Santa Clara Superior Court. That case number is 14-CV-275007. Defendants believe that case is meritless and should have no bearing on the present case.

Dated: August 25, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General

*/s/ Giam M. Nguyen*
GIAM M. NGUYEN
Deputy Attorney General
*Attorneys for Defendants*

SF2013206124
20776171.doc

8

Defs.' Case Mgmt. Conf. Statement  (C 12-6132 JD (PR))

# CERTIFICATE OF SERVICE

Case Name:  **Morris v. Sandoval, et al.,**      No.   **C 12-6132 JD (PR)**

I hereby certify that on August 26, 2015, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On August 26, 2015, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Condalee Morris, V96203**
Calipatria State Prison A-5
7018 Blair Road
Calipatria, CA 92233
Pro Se

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 26, 2015, at San Francisco, California.

| R. Caoile | s/ R. Caoile |
|---|---|
| Declarant | Signature |

SF2013206124
20776985.doc