UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONDALEE MORRIS,

    Plaintiff,

v.

D. SANDOVAL, et al.,

    Defendants.

Case No. 12-cv-06132-JD

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT; GRANTING MOTION FOR PROTECTIVE ORDER**

Re: Dkt. Nos. 214, 216, 221

This is a civil rights case filed by a state prisoner. Counsel that had been found by the Court withdrew from this case and plaintiff again proceeds pro se. Plaintiff has filed a motion for relief from a final judgment pursuant to Fed. R. Civ. P. 60(b) and defendants have filed a motion for a protective order.

**RECONSIDERATION**

Plaintiff's motion seeks relief from a judgment in another case and in this case. Plaintiff filed the motion in the other case, *Morris v. Koh*, Case No. 16-cv-0581 JD, which was denied on November 18, 2016. Plaintiff's motion with respect to that action is denied. Because this case continues and there is no final judgment, the Rule 60(b) motion is denied. To the extent plaintiff seeks reconsideration of prior orders in this case, it is also denied.

No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new

1   material facts or a change of law occurring after the time of such order; or (3) a manifest failure by
2   the court to consider material facts which were presented to the court before such interlocutory
3   order. *See* Civil L.R. 7-9(b).

4   Plaintiff has failed to meet his burden for reconsideration. To the extent plaintiff seeks to
5   amend his complaint and request discovery, summary judgment was decided on June 11, 2014,
6   and this case is proceeding to trial. It is long past the time for amendment. Plaintiff has not
7   shown why more discovery is required two years after the summary judgment order and especially
8   as discovery was reopened when plaintiff was appointed counsel and plaintiff's attorney engaged
9   in additional discovery. The motion for reconsideration is denied.

10   To the extent that plaintiff seeks discovery regarding the finances of the defendants, the
11   request is denied. Plaintiff's request for the bank accounts, tax returns, property ownership
12   records, income statements, and insurance policies of the defendants is unduly intrusive and
13   completely irrelevant to this action.

14   Plaintiff's request for a settlement conference before the undersigned judge is denied. Two
15   prior settlement conferences were held before Magistrate Judge Vadas, one while plaintiff was pro
16   se and one while plaintiff was represented by counsel. The case did not settle either time. This
17   judge is presiding over the merits of the case and a settlement conference with him is not
18   appropriate. However, plaintiff and defendants may continue settlement discussions.

19   **PROTECTIVE ORDER**

20   Defendants seek that certain documents provided in discovery to plaintiff's counsel that
21   were "Confidential-Attorney's Eyes Only" be returned and not provided to plaintiff. As a general
22   rule, the public is permitted access to litigation documents and information produced during
23   discovery. *In the Matter of Roman Catholic Archbishop*, 661 F.3d 417, 424 (9th Cir. 2011).
24   Under Rule 26 of the Federal Rules of Civil Procedure, however, "[t]he court may, for good cause,
25   issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue
26   burden or expense." *Id*. (quoting Fed. R. Civ. P. 26(c)(1)). The party opposing the disclosure has
27   the burden of proving "good cause," which requires a showing that specific prejudice or harm will
28   result if the protective order is not granted. *Id*.

A court considering a motion for continuation of a protective order must proceed in two steps. First, it must determine whether particularized harm will result from disclosure of information to the public. *Id*. at 424. Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary. *Id*. at 424 & n.5.

Defendants seek a protective order regarding documents that are post order from the prison that reveal work schedules for staff and movement scheduled for correctional officers. If plaintiff or other prisoner became aware of work and movement schedules of correctional officers the safety and security of the prison could be in jeopardy. Inmates would know when and where to carry out illegal or dangerous activities. Plaintiff has not addressed in his response why these documents are necessary nor has he addressed the safety concerns. The Court finds that defendants have met their burden and the protective order is granted.

**CONCLUSION**

1. Plaintiff's motion for relief from a final judgment (Docket Nos. 214, 221) is **DENIED**.

2. Defendants' motion for a protective order (Docket No. 216) is **GRANTED** and plaintiff's withdrawing counsel shall return the relevant documents, Bates stamped AG6545 to AG6586, to defendants and **not** produce them to plaintiff.

3. Plaintiff's requests for discovery and settlement are **DENIED** as discussed above.

3. The Clerk shall forward this order to plaintiff's former counsels at McKool Smith Hennigan P.C.: Courtland Reichman, Jennifer Estremera and Vandya Swaminathan.

**IT IS SO ORDERED.**

Dated: January 17, 2017

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>D. SANDOVAL, et al.,<br><br>    Defendants. | Case No.  12-cv-06132-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 17, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Condalee Morris ID: #:V96203
Calif. State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671

Dated: January 17, 2017

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4