UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>D. SANDOVAL, et al.,<br><br>        Defendants. | Case No. 12-cv-06132-JD<br><br>**ORDER**<br><br>Docket No. 230 |

In June 2014, the Court granted in part and denied in part defendants' motion for summary judgment. The Court then referred the action to the Court's *Pro Se* Prisoner Mediation Program. The action was not resolved through that program and continued toward trial. In December 2014, counsel was appointed, but the order was later vacated. At plaintiff's request, counsel was appointed again in December 2015, and a second settlement conference was held. The case did not settle and counsel later withdrew from the case. The case once again continues toward trial.

Plaintiff must therefore represent himself at trial. Although an attorney would have aided with an orderly presentation of the case, self-representation is not beyond plaintiff's abilities. Plaintiff has been able to articulate his position adequately, and the issues are not particularly complex for the claims remaining for trial. The stay that was imposed in the November 13, 2015 order (Docket No. 191) is now **LIFTED**. The case continues on claims that defendant Blair used excessive force against plaintiff, defendants Espinosa and Sandoval failed to intervene and defendant Nunley failed to properly treat plaintiff's injuries. Plaintiff's motion for default judgment (Docket No. 230) is **DENIED** as meritless.

Pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10, THE FOLLOWING DEADLINES ARE HEREBY ORDERED:

1. <u>TRIAL DATE</u>:  5/22/2017, at 9:00 a.m.
   Courtroom 11, 19th Floor
   Jury (<u>x</u>) or Court ( )

2. <u>TRIAL LENGTH</u>:  Estimated <u>ONE to TWO  (1-2)</u> court days

3. <u>FINAL PRETRIAL CONFERENCE</u>:  4/27/2017, at 1:30 p.m.
   **LEAD COUNSEL WHO WILL TRY THE CASE MUST ATTEND.  PLAINTIFF WILL APPEAR BY VIDEO-CONFERENCE.**

4. <u>PRETRIAL FILINGS DUE</u>:  4/6/2017

5. INITIAL WITNESS LISTS
   By **March 24, 2017**, the parties must provide a list of all of their intended witnesses for trial.  For each witness on the list, the party shall state briefly the testimony expected from that witness and an estimate of minutes or hours the witness's testimony is expected to take (direct and cross).  One of the reasons for the witness list is that advance planning is necessary if witnesses need to be subpoenaed or, in the case of prisoner-witnesses, brought by writ of habeas corpus. The Court will not issue writs or have subpoenas served unless plaintiff submits a proposed witness list in which he explains where each witness is located and what each witness is expected to testify about so that the Court can determine whether each proposed witness is necessary and what needs to be done to bring him/her to the trial.  **Witnesses must have actual knowledge of relevant facts.**  Any witness not on the witness list may be disallowed at trial.

Plaintiff must explain in his witness list the financial arrangements he has made to pay for his non-prisoner witnesses to travel to and appear at trial.  For each non-prisoner witness who is not willing to appear voluntarily, plaintiff needs to subpoena the witness and must pay to that witness a witness attendance fee of $40.00 "per day for each day's attendance" and for each travel day.  *See* 28 U.S.C. § 1821(b).  The plaintiff also must pay that witness's travel costs.  *Id.* at § 1821(c).  For example, the distance from Soledad to San Francisco is approximately 276 miles roundtrip, and would result in travel costs for that witness of approximately $147.66 (*i.e.*, 276 miles multiplied by the IRS's 2017 standard mileage rate for business travel) plus any tolls and parking fees.  If an overnight stay is required, the witness also must be paid a subsistence allowance.  *See id.* at § 1821(d).  Plaintiff must pay for these expenses.  The Court cannot

authorize the expenditure of public funds to cover these expenses for an indigent litigant. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("the established rule is that the expenditure of public funds is proper only when authorized by Congress"); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1992) (the *in forma pauperis* statute "does not waive payment of fees or expenses for witnesses"); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (fees and mileage costs must be tendered at the time of service of subpoena). Plaintiff's ability to pay is a relevant factor for the Court to consider in determining whether to issues subpoenas to anyone and have the Marshal serve such subpoenas. Plaintiff must first tender the appropriate money orders to the Court before the Marshal will be ordered to serve any subpoenas.

**Counsel for defendants must provide to the Court proposed Orders and Writs of Habeas Corpus Ad Testificandum for plaintiff to appear by video conference at the pretrial conference and in person at trial. These proposed orders must be provided six (6) weeks prior to the relevant date of appearance. Counsel for defendants should also take all necessary steps to ensure that plaintiff has access to his legal materials when he is transported for trial.**

6. <u>PRETRIAL STATEMENTS</u>

The parties may file pretrial statements, signed and vetted by all lead trial counsel that contains the following information:

    i. *Substance of the Action*: A brief description of the substance of the claims and defenses which remain to be decided.

    ii. *Relief Requested*: A statement of all relief sought, itemizing all elements of damages claimed.

    iii. *Undisputed Facts*: A statement of all relevant undisputed facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    iv. *Disputed Factual Issues*: A statement of all relevant disputed facts that remain to be decided.

    v. *Disputed Legal Issues*: Without extended legal argument, a brief statement of disputed points of law concerning liability and relief.

    vi.    *Stipulations*:  A statement of stipulations requested or proposed.

    vii.    *Bifurcation*:  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

    viii.    *Settlement*:  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    ix.    *Estimate of trial length*:  An estimate of the total length of the trial.

7.    <u>MOTIONS IN LIMINE</u>

The parties are expected to work together in good faith to resolve evidentiary issues before the pretrial conference.  If disputes remain, each *side* may file up to 4 motions in limine without further permission of the Court that address a single specific evidentiary issue, to be served and filed as follows:

    i.    At least 21 days before the pretrial filings due date, counsel must serve, but not file, the moving papers.

    ii.    At least 14 days before the pretrial filings due date, the responding party must serve, but not file, the oppositions.

    iii.    The moving party should then collate each motion and opposition together and file the paired sets along with that party's other pretrial materials on the pretrial filings due date.

    iv.    No brief in support or opposition of a motion in limine may exceed 3 pages in length, and proposed orders need not be prepared.  Reply briefs are not permitted.

Motions in limine should be used for evidentiary issues that require a ruling in advance of trial.  They are not substitutes for summary judgment or other dispositive motions, or motions to exclude expert testimony.  Motions in limine may not be used to request summary judgment or raise *Daubert* challenges unless the Court has specifically granted prior approval.

8. <u>PROPOSED JURY INSTRUCTIONS AND VERDICTS FORMS</u>

The parties must file proposed jury instructions, arranged in the order the parties propose the Court give the instructions. The parties should use the Ninth Circuit Model Jury Instructions to the fullest extent possible. Modifications and "custom" proposed instructions are discouraged. If offered, they should be clearly identified as such.

The parties must also file proposed verdict forms.

Defendants must e-mail a Microsoft Word version of the proposed jury instructions and verdict form to jdpo@cand.uscourts.gov by noon the day after the pretrial filings due date. Plaintiff may submit handwritten forms via mail.

9. <u>VOIR DIRE</u>

As a general matter, the Court will handle voir dire based on questions proposed by the parties that the Court agrees to ask. If the parties would like the Court to consider particular voir dire questions, they should file proposed questions. There is no need to include basic background questions such as name, occupation, education and so on. The Court has standard questions prepared on those topics. A Microsoft Word version of the proposed voir dire questions should be e-mailed to jdpo@cand.uscourts.gov by noon the day after the pretrial filings due date. Plaintiff may submit handwritten forms via mail.

10. <u>EXHIBIT LISTS</u>

The parties must file by the pretrial filings due date a list of the proposed exhibits. The list must also include the following information as to all exhibits: (1) exhibit number; (2) name or brief description of the exhibit; and (3) the exhibit's purpose and sponsoring witness. Plaintiff must be in possession of proposed exhibits.

11. <u>JURY MATERIALS</u>

Counsel should focus intensely on ways of enhancing the jury's comprehension of trial testimony and evidence. To that end, defendants will prepare by the first day of trial notebooks for the jury's use. Each notebook will be a 1-inch three-ring black binder with a plastic slip pocket on the cover. Each binder should have a title page inserted in the slip pocket with the name and case number of the action in large print. Inside the binder, the parties will provide 50 pages of

5

lined notepaper clipped into the rings. The parties should consider including a glossary of acronyms or specialized terms that they expect to come up during trial. The glossary needs to be provided to plaintiff, twenty-eight (28) days prior to trial, who may file objections with the Court. The glossary will be approved by the Court before it goes to the jury.

The Court has found that juries benefit considerably from the opportunity to ask questions at trial. Jurors typically will be allowed to submit questions in writing before a witness is excused. The Court will discuss the questions with counsel before deciding whether to ask them of the witness.

12. EXHIBITS

Defendants must provide two sets of all trial exhibits -- double-sided and three-hole-punched in three-ring binders, with each exhibit tagged and separated by a label divider identifying the exhibit number. These sets must be delivered to the Court on the morning of the first day of trial.

Plaintiff must submit his exhibits by mail fourteen (14) days prior to trial, tagged and separated by a divider identifying the exhibit number.

Parties should use numbers only, not letters, for exhibits, and preferably the same numbers as were used in depositions.

Blocks of numbers should be assigned to fit the needs of the case (*e.g.*, Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendants should not re-mark the exact document with another number. Different versions of the same document, *e.g.*, a copy with additional handwriting, must be treated as different exhibits with different numbers.

To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. __," and not as "Plaintiff's Exhibit" or "Defendant's Exhibit." If an exhibit number differs from that used in a deposition transcript, then the deposition transcript must be conformed to the new trial number if and when the deposition testimony is read to the jury (so as to avoid confusion over exhibit numbers). The jury should always hear any given

6

exhibit referred to by its trial number.  There should be no competing versions of the same exhibit number; any discrepancies must be brought to the Court's attention immediately.

Each exhibit shall be tagged in the following form:

> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
> **TRIAL EXHIBIT 100**
> CASE NO. _____
> DATE ENTERED_____
> BY _____
> DEPUTY CLERK

The tag should be placed on or near the lower right-hand corner or, if a photograph, on the back.  Counsel should fill in the case number but leave the last two spaces blank.

The parties must each prepare a set of all trial exhibits (a copy set of which must be provided as noted above) that will be the official record set to be used with the witnesses, in the jury room, and on appeal.

Counsel should move exhibits into evidence as soon as the foundation is laid.  Counsel must consult with each other and with the Courtroom Deputy at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon.

Before the closing arguments, counsel must confer with the Courtroom Deputy to make sure the exhibits in evidence are in good order.  Counsel must provide a revised list of all exhibits actually in evidence (and no others), stating the exhibit number and a brief, non-argumentative description (*e.g.*, letter from A.B. Case to D.E. Frank, dated August 17, 1999).  These lists will go into the jury room to help the jury sort through exhibits in evidence.

13.   WITNESSES

As noted above, witness lists must be provided by March 17, 2017.  Any party that has an objection must alert the Court by April 6, 2017, when pretrial filings are due.

Only the tagged exhibit should be shown to witnesses at trial.  Before the examination begins, counsel must retrieve the tagged exhibits to be used and have them at the ready.

The parties must have all upcoming witnesses for the trial day available in the courthouse and ready to testify.  Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

14.   DEPOSITION AND DISCOVERY DESIGNATIONS

Unless otherwise ordered, no later than 14 days before trial is set to begin, the parties must file all excerpts of deposition testimony or other discovery responses that will be offered by any party at trial for any reason other than impeachment or rebuttal.  By the 5-day-before-trial deadline, each party must also submit any counter-designations or objections it may have to the deposition testimony or discovery designated by any other party.  The Court strongly favors use of deposition videos over reading a transcript in court.

15.   TRIAL SCHEDULE & TIMEKEEPING

The Court's usual trial schedule is Monday, Tuesday, Wednesday and Friday from 9 a.m. to 2:30 p.m.  There will be two breaks of about 20 minutes each but no lunch break.  Trial usually will not take place on Thursdays, although this might happen depending on the circumstances of the case.  Any matters that need to be heard outside the presence of the jury will usually be addressed at 8:30 a.m. on trial days.

Each side must designate an official "timekeeper" who will keep track of the number of minutes and hours of trial time used by each side.  The timekeepers for both sides must check their tracked time against the time noted in the Court's daily report, and must confer with the

Courtroom Deputy about any perceived discrepancies on a daily basis. The Courtroom Deputy has the final word on the time count.

16. OPENING STATEMENTS

Each side will receive a time limit for its opening statement (to be determined at the final pretrial conference). As a general rule, openings will not exceed 30 minutes per side. Counsel must cooperate and meet and confer to exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions. Counsel must be prepared to proceed with opening statements as soon as the jury is sworn. Counsel are advised that jury selection is typically completed in a half day and they should assume they will make opening statements later on the same day.

17. MOTIONS

Prior to filing any motions during trial, the moving party must first discuss the proposed motion with the Court.

18. OBJECTIONS AND SIDEBARS

When making objections, counsel should stand and state only the legal grounds for the objection and must withhold all further comment or argument unless elaboration is requested by the Court.

The Court does not permit sidebars or other distractions when the jury is present. Counsel should not ask for them. Any pressing issues can be dealt with on a break or before or after the jury is present for the day.

19. SETTLEMENTS AND CONTINUANCES

Cases cannot be taken off calendar -- and trial dates will not be moved -- based on settlements "in principle." Unless and until a stipulated dismissal or judgment is filed or placed on the record, all parties must be prepared to proceed with the final pretrial conference as scheduled and/or proceed to trial on the trial date. Only a continuance in advance expressly approved by the Court will release counsel and the parties from their obligation to proceed.

Counsel should try to resolve or settle cases no later than 24 hours before the jury pool is called to the courthouse and before the close of business on a Friday. Civil Local Rule 40-1 provides that jury costs may be assessed as sanctions for failure to provide the Court with timely written notice of a settlement.

**IT IS SO ORDERED.**

Dated: February 22, 2017

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br>  Plaintiff,<br>v.<br>D. SANDOVAL, et al.,<br>  Defendants. | Case No. 12-cv-06132-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 22, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Condalee Morris ID: #:V96203
Calif. State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671

Dated: February 22, 2017

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO