UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br>　　　　　Plaintiff,<br>　　v.<br>D. SANDOVAL, et al.,<br>　　　　　Defendants. | Case No. 12-cv-06132-JD<br><br>**ORDER**<br>Re: Dkt. No. 253 |

　　　　Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983 and trial is scheduled for May 22, 2017. The parties were ordered to provide a list of intended witnesses for trial. Plaintiff was informed that he must explain what each witness is expected to testify to and his financial arrangement to pay for non-prisoner witnesses to travel and testify if they are not willing to appear voluntarily. Plaintiff was informed that the Court cannot pay these expenses and the Court noted that plaintiff is proceeding in forma pauperis and had no money in his prisoner trust account at the time he filed this action. Plaintiff failed to follow Court directions and was provided an opportunity to file an amended witnesses list which he recently submitted.

　　　　In the amended witness list plaintiff identifies ten witnesses but has again failed to describe how he will pay the witness attendance fees and travel costs if these witnesses will not appear voluntarily. It does not appear that these witnesses will testify voluntarily as plaintiff has included subpoenas to be completed by the Court. In addition, plaintiff seeks to have an expert witness testify who will provide an analysis for $1,250 and charges $5,500 for a half day of trial testimony among other costs and expenses. Docket No. 257 at 8.

Plaintiff was provided an opportunity to demonstrate his financial arrangements to pay for witness fees and travel costs but he has again failed to discuss the matter in order for the Court to issue subpoenas. To the extent plaintiff seeks the Court to pay these costs, the Court cannot authorize the expenditure of public funds to cover these expenses for an indigent litigant. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("the established rule is that the expenditure of public funds is proper only when authorized by Congress"); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1992) (the *in forma pauperis* statute "does not waive payment of fees or expenses for witnesses"); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (fees and mileage costs must be tendered at the time of service of subpoena).[1]

While the Ninth Circuit has left open the possibility that a due process claim might be successful where an indigent plaintiff cannot pay the required witness fee, *Hadsell v. Comm'r*, 107 F.3d 750, 753 (9th Cir. 1997), there is no due process violation in this case. In his amended witness list, plaintiff identifies ten witnesses. Four of the witnesses are the defendants and will be at the trial. Three additional witnesses that plaintiff seeks (Meyer, Huff and Trexler) will be testifying as indicated by defendants.[2] Plaintiff may rely on defendants' assertion that these witnesses will be testifying and defendants shall ensure that these witnesses appear. There is no due process violation as eight of the ten witnesses will be testifying. The ninth witness is a former inmate who as described below did not witness the incident in this case and the tenth witness is the expert whose testimony will cost thousands of dollars.

Plaintiff also seeks the testimony of a former prison inmate. However, this inmate did not witness the incident in this case but will only testify to an alleged incident where he was assaulted by some of the same defendants more than a year after the incident in this case. Because this testimony is not relevant to this action, the witness will not be permitted.

**CONCLUSION**

1. Defendants' shall ensure that the four defendants and witnesses Meyer, Huff and Trexler appear at trial. Plaintiff's other witnesses will not be permitted for the reasons set forth

---

[1] On two separate occasions the Court appointed counsel for plaintiff, but he now proceeds pro se.
[2] Ippolito was not identified on plaintiff's amended witness list.

2

above.

2. Plaintiff's motion for reconsideration (Docket No. 253) of the Court's denial of his motion for default judgment is **DENIED** for the same reasons as described in prior Court orders. The Court will no longer entertain motions on this issue.

**IT IS SO ORDERED.**

Dated: April 19, 2017

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONDALEE MORRIS,

    Plaintiff,

v.

D. SANDOVAL, et al.,

    Defendants.

Case No. 12-cv-06132-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 19, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Condalee Morris ID: #:V96203
Calif. State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671

Dated: April 19, 2017

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4